**KENTUCKY BAR ASSOCIATION,
Complainant,**

v.

**Stephen Rice TURNBULL, Respondent.**

**No. 2000–SC–0726–KB.**

Supreme Court of Kentucky.

Nov. 22, 2000.

## OPINION AND ORDER

The Kentucky Bar Association (KBA) charged Respondent, Stephen Rice Turnbull, with failing to act with reasonable diligence and promptness in representing a client, and failing to keep a client reasonably informed and to promptly comply with reasonable requests for information. SCR 3.130–1.3, SCR 3.130–1.4(a). After review, the KBA Board of Governors recommended that Respondent be suspended from the practice of law for thirty days. Since Respondent failed to request a review of the Board's recommendation, SCR 3.370(8), the recommendation is adopted. SCR 3.370(10).

In January 1998, Don Hale hired Respondent to represent him in a divorce proceeding. During that representation, the Domestic Relations Commissioner determined that Hale and his wife shared an equal interest in a vehicle. Following this finding, Respondent asked Hale if he desired that exceptions be filed to this finding. Hale replied affirmatively as his father held a lien upon the vehicle, and, shortly thereafter, Hale gave Respondent the appropriate documentation. Months passed with no communication between Respondent and Hale. Respondent never filed the exceptions and never answered Hale's inquiries concerning his case.

Upon these facts, the Inquiry Commission charged Respondent with the aforementioned violations of SCR 3.130–1.3 and SCR 3.130–1.4(a). Respondent was served with the two count charge, but failed to answer. The charge was forwarded to the KBA Board of Governors as a default proceeding. The Board found Respondent guilty of both counts and recommended a thirty-day suspension.

Upon the foregoing facts and charges, the Board of Governors' recommendation is adopted and it is hereby ordered that:

1. Respondent, Stephen Rice Turnbull, is suspended from the practice of law in Kentucky for a period of thirty days. This period of suspension shall commence on the date of entry of this Opinion and Order.

2. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $94.26, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: November 22, 2000.

/s/ Joseph E. Lambert
CHIEF JUSTICE